SO ORDERED: April 14, 2009.



James K. Coachys
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DUANE A. PETITT and ) | Case No. 07-07569-JKC-7A |
| KIMBERLY F. PETITT, ) | |
| ) | |
| Debtors. ) | |

### ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER

This matter came before the Court on the Chapter 7 Trustee's (the "Trustee") Motion for Turnover of Assets by Debtors (the "Motion") and on Debtors' Objection thereto. Following an evidentiary hearing on February 26, 2009, the Court took the matter under advisement and ordered the parties to file briefs in their respective positions. On April 2, 2009, the Court an Order that requested the parties to file, if they could so agree, a Stipulation as to additional evidence the Court felt would be helpful in making a well-informed decision.[1] The parties filed that Stipulation on April 7, 2009. Having reviewed the parties' briefs and evidence, the Court now issues the following

---

[1] Specifically, the Court asked the parties to stipulate to the admission of the Plant Closure Agreement and related waiver and release, both of which are discussed more fully herein.

Order.

## Facts

Debtor Duane A. Petitt, was formerly employed by Visteon Systems, LLC ("Visteon) at its plant in Connersville, Indiana (the "Plant"), which closed on December 11, 2007. Prior to the Plant's closure–and before Mr. Petitt filed his bankruptcy petition on August 10, 2007–Visteon, Visteon Corporation and Local Union No. 135[2] of the Teamsters, Chauffeurs, Warehouseman, and Helpers of America entered into a Plant Closure Agreement (the "Agreement"). According to the Agreement, Visteon agreed to pay a "Separation Bonus" to "seniority employees" terminated as a result of the Plant's closure, contingent upon the employee signing a waiver and release.

On January 14, 2008, Mr. Petitt executed a waiver and release form (the "Release") in accordance with the Agreement. On or about February 1, 2008, he received a payment in the net amount of $12,842.86 (the "Bonus"). By his Motion, the Trustee seeks to recover the Bonus as nonexempt property of the estate. Debtors have objected, arguing that the Bonus is not property of the estate or, alternatively, that the property is exempt under 11 U.S.C. § 522(b)(2) and Indiana's wage garnishment statute. The Court disagrees with Debtors' arguments.

## Discussion and Decision

Pursuant to § 541(a) of the Code, the bankruptcy estate is compromised of "all legal or equitable interests of the debtor in property as of the commencement of the case." In concluding that the Bonus is property of the estate under § 541(a), the Court concedes its payment under the Agreement was contingent upon Mr. Petitt's continued employment at the Plant until its closure and

---

[2] The waiver and release executed by Mr. Petitt refers to Local 919, rather than Local 135. The reason for the discrepancy is not clear.

2

execution of the Release. Those contingencies, however, do not preclude the Bonus from being property of the estate. The Seventh Circuit, in *In the Matter of Yonikus*, 996 F.2d 866 (7th Cir. 1993), stated:

> When a bankruptcy petition is filed, virtually all property of the debtor at that time becomes property of the bankruptcy estate. Section 541 of the Bankruptcy Code defines "property of the estate" broadly to include all of the debtor's interests, legal and equitable. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204-05 and nn. 8, 9, 103 S.Ct. 2309, 2313 and nn. 8, 9, 7 6 L.Ed.2d 515 (1983). "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (bankruptcy estate includes right to refund). A debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate. *See In re Neuton*, 922 F.2d 1379, 1382-83 (9th Cir.1990) (collecting cases). *In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of* § 541. *In re Anderson,* 128 B.R. 850, 853 (D.R.I.1991) (citations omitted).

*Id.* at 869 (italics added) (footnote omitted). The Circuit's expansive definition of "property of the estate" is consistent with § 541(a)'s legislative history, which reveals that the statute was intended to "bring anything of value that the debtors have into the estate." H.R.Rep. No. 95-595, at 176 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6136.

Based on *Yonikus*, the Court must conclude that the Bonus is property of the estate. *See, e.g., In re Booth*, 260 B.R. 281, 287 (6th Cir. BAP 2001) ("[T]he array of circumstances in which the cases have held that a contingent interest is property of the estate is extensive" and "uniform."); *In re Edmonds*, 260 B.R. 281, 287 (6th Cir. BAP 2001) (collecting cases) (holding that profit sharing payment was "sufficiently rooted in the prebankruptcy past" so as to be included as property of the estate.); *In re Allen*, 226 B.R. 857, 862-863 (Bankr.N.D.Ill.1998) (also collecting cases).

The Court also disagrees that the Bonus is exempt, in whole or in part, under Indiana's wage

3

garnishment statute, Indiana Code § 24-4.5-5-105.[3] That statute protects a portion of "disposable earnings" from garnishment. "Disposable earnings" is defined as "that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld." Ind. Code § 24-4.5-5-105(a).

In *Fisher Body v. Lincoln Nat. Bank & Trust Co. of Fort Wayne*, 563 N.E.2d 149, the Indiana Court of Appeals held that a severance payment–similar to the one at issue here–does not constitute "disposable earnings" for purposes of Indiana Code § 24-4.5-5-105. Based on that holding, the Court cannot conclude that the Bonus is exempt property under § 522(b)(2).

### Conclusion

Based on the foregoing, the Court concludes that the Bonus is non-exempt property of the bankruptcy estate. The Court, therefore, grants the Trustee's Motion and overrules Debtors' Objection thereto. Debtors are ordered to turn over the Bonus to the Trustee within five days from the date of this Order.

###

Distribution:

Richard E. Boston
John B. LaRue
UST

---

[3] The Court recently ruled in *In re Haraughty*, --- B.R. ----, 2009 WL 890127, (Bankr. S.D. Ind. 2009), that Indiana Code § 24-4.5-5-105 provides an exemption in bankruptcy pursuant to § 522(b)(2). *See also In re Bubb*, Case No. 02-053210-JKC-7) (Oct. 2, 2002) (unpublished opinion holding same).